Fantz v. Steinmetz.

CASE 50.—ACTION FOR SPECIFIC PERFORMANCE BY CON-
        RAD STEINMETZ AGAINST FRED J. FANTZ.—April
        27, 1909.

# Fantz v. Steinmetz

Appeal from Jefferson Circuit Court, Chancery
Branch, Second Division.

Samuel B. Kirby, Judge.

Judgment for plaintiff, defendant appeals.—Af-
firmed.

1.  Wills—Construction—Power to Dispose of Property.—By will
    testator gave his widow for life or during her widowhood the
    whole of his real estate with power to sell any of it for rein-
    vestment or for the support of herself and children, and au-
    thorized her to make advancements to the children to the ex-
    tent of one-third of their legal share, and provided that there
    should be no division of the real estate until the marriage of
    the widow and all the children of testator should become 21
    years of age.  Held, that the widow had power after the chil-
    dren had all become of age, though she had not married, to
    partition some of the real estate among the children if she
    deemed that course to be for the best interest of herself and
    children.
2.  Wills—Construction—Power to Dispose of Property.—The will
    further providing that "in the division of my estate all my
    children shall receive an equal share, and if any one of them
    should die before said division takes place and leaves children,
    said children shall be entitled to the share of their parent,"
    testator's grandchildren could not complain of a partition by
    the widow among testator's children when the latter all be-
    came of age, as in that' case the grandchildren could not
    take under the will.

L. F. WITHERS for appellant.

### POINTS AND AUTHORITIES.

1. A power of sale in a will does not include or imply a power
to make partition. (Hirschman v. Brashears, 79 Ky. 258; Wash-
burn, Vol. 2, page 615, 6th Ed.; 22 Am. & Eng. Ency. of Law 1156,
2d Ed.)

2. The power to qualify and a compliance with the qualification
must appear. (Brown v. Crittenden, 1 S. W. 421.)

Fantz v. Steinmetz.

3. The children of testator took a vested remainder, subject to be defeated by the exercise of the power to sell for her own support given to the widow. (Lepps v. Lee, 16 S. W. 346.)

L. A. HICKMAN for appellee.

### POINTS AND AUTHORITIES.

1. Power to sell real estate will enable the donee of the power to partition same. (American & English Encyclopedia of Law, First Edition, Vol. 18, page 940; Phelps v. Harris, 101 U. S. 370.)

2. Power to sell should be liberally construed in order to effect the intention of the will. (American & English Encyclopedia of Law, First Edition, Vol. 18, page 938.)

3. Grandchildren, who are contingent remaindermen after their parents, contingent upon their parents living longer than the holder of the present estate, are estopped by their parents acts. (Brown v. Dinwiddie, 24 Ky. Law Rep. 269.)

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE.— Affirmed.

This appeal presents for consideration the question whether a deed tendered appellant by appellee, and purporting to convey a lot 22 by 150 feet fronting on Logan street near Breckinridge, in the city of Louisville, will pass to the former a good and merchantable title to the lot. The written contract of sale particularly describes the lot, sets forth its purchase by appellant at the price of $600, his promise to pay that amount upon the delivery of a deed conveying a good title, and the undertaking of appellee to make him such a deed. The deed was duly executed by appellee and tendered appellant, but the latter refused to accept it on the ground that it would not pass to him a good title. The nonacceptance of the deed was followed by the bringing of this action by appellee for a specific performance of the contract; the petition setting forth the essential facts and questions of law appertaining to the rights of the parties. A demurrer was filed by appellant to the petition, which the court overruled. Appellant

stood upon the demurrer and refused to plead further.  The court then entered judgment granting the relief prayed in the petition, and of that judgment appellant complains.

The lot in controversy formerly belonged to Henry Krupp, who died in 1890, the owner of considerable real estate in the city of Louisville.  Krupp left a will by which he devised his entire estate to his wife for life or during her widowhood, with remainder to his children, of whom there were and are eight, all now adults.  The widow, now 80 years of age, is still living, and has never remarried.  In 1906 the widow made partition of some of the real estate left by the testator, the lot in controversy being allotted to Rosa Krupp, an unmarried daughter.  Rosa received a deed thereto in which her mother, brothers and sisters, the wives of the former and husbands of the latter, all united.  Later she sold and conveyed the lot to John Kirchdofer, who thereafter sold, and with his wife, conveyed it, to appellee.

It is conceded by the parties to the appeal that the question of whether appellant will receive a good title to the lot in question by the deed appellee tendered him depends upon whether the widow of Henry Krupp had the power under his will to partition the real estate devised.  Appellant denies that the will confers upon her such power.  The following clauses of the will appear in the record, viz:

"(3) After the payment of all my just debts, I will, bequeath and devise the rest of all my property real and personal, and mixed, wherever it be situated, to my beloved wife, Francisca Krupp, to hold, use and enjoy the same during her natural life or widowhood, but it is my will and desire that she will

give all our children a proper education and support the same until they become of age or marry.

"(4) I give and grant to my said wife full power and authority to sell and convey any and all of my real estate, if she deems it proper to do so, and to reinvest the proceeds in real estate or other property to be held in the same manner as that sold or to use the proceeds to her own support or to the support and education of our children, if such is necessary.

"(5) No division of my estate shall take place during the life of my said wife as long as she remains my widow, and in case my wife should die before my youngest child becomes of age, or if she should marry again my estate shall not be divided before my youngest child becomes of age.

"(6) If my wife deems it proper to make advance ments to any of my children she may do so to the extent of one-third of their legal share, but such advancements shall be charged against them as part of their claim in the division of my estate.

"(7) In the division of my estate all of my children shall receive an equal share, and if any one of them should die before said division takes place and leaves children, said children shall be entitled to the share of their parent.

"(8) If my wife should marry again, all power and authority given to her by this instrument shall cease and the court shall appoint a proper guardian for my children and a proper administrator of my estate, in this case one-fifth of my whole estate shall be allotted to her to belong to her absolutely in lieu of dower or any other claim against my estate.

"(9) The shares of my estate which will come to any of my daughters shall belong to them as their

private property free from the claim and control of their future husbands not subject to any of the debts of their husbands.

"(10). I appoint my wife, Francisca Krupp, executrix of this my last will and testament, and desire that no bond or security shall be requested of her as such."

By the third, fourth and sixth clauses of the will the testator gives his widow for life or during her widowhood the whole of his real estate, the power to sell and convey any of it for reinvestment and for the support of herself and children and the education of the latter, and also the power to make advancements to the children to the extent of one-third of their legal shares, respectively.

It is unnecessary to determine whether the lot in question was conveyed Rosa Krupp by way of advancement. It is not so claimed in the petition, or therein averred that when conveyed her it did not exceed in value one-third of her interest in the entire estate. It is true the deed or partition refers to the lot as an advancement, but it does not state its value, or say whether it is of greater or less value than one-third of what Rosa will be entitled to from the estate. So, in view of the condition of the record, we can not rest the partition or conveyance of the lot to her on the ground that it was authorized by the sixth clause of the will which confers upon the widow the power to make advancements to the children. Nor are we prepared to say that a mere general power given the widow by a will to sell the real estate for reinvestment necessarily confers the power to make partition, though such seems to be the view of the law stated in 18 Am. & Eng. Ency. of Law (1st Ed.) p. 940, and

also by the Supreme Court in Phelps v. Harris, 101 U. S. 370, 25 L. Ed. 855. This court does not seem to have passed on the precise question here presented; so, in determining it, we must rely upon recognized rules of construction as applied to wills, keeping in view the importance of ascertaining the intention of the testator.

Clause 5 of the will provides that there shall be no division of the testator's real estate until two events happen (1) The marriage of his widow; (2) when all the testator's children become 21 years of age. It is insisted for appellant that another thing was also necessary—that is, the death of the widow—but we incline to the opinion that it was the testator's intention that his widow's life or death should make no difference as to when the division should take place. In other words, we think it was his intention to prevent a division as long as his wife was a widow and might desire to postpone it, so that she might have the control of the whole estate and the benefit of the entire income. At the time of the partition one of the events provided for by the will had happened, the youngest child had reached the age of 21, though the widow was still unmarried. She was then 78 and is now 80 years of age. Having lived a widow 18 years and reached that age, there is little room for doubt that she will remain a widow until she dies. It is true, as contended by appellant, that clause 5 of the will declares that partition shall not be made as long as the testator's wife remains a widow, but other clauses of the will must be read in connection with that clause and the intention of the testator gathered from the will as a whole. Other clauses of the will, especially the third and fourth, show the testator's

solicitude for both wife and children and charge the estate with their support, and the fourth clause confers upon the former full power to sell the real estate for the support of herself and children and the education of the latter; the whole matter being left to her discretion. The deed of partition, according to its express declarations, was made for the purpose of providing for the support of the widow and children; and who but the widow was to judge of the necessity of the partition for that purpose? Being invested by the will with the sole discretion and made the only judge in the matter, we will not assume, in the absence of a showing to the contrary, that the recitals of the deed which received her sanction are untrue, or that the partition was not necessary for the support of herself and children when she therein declared it was.

But whether a division of the real estate as here made was, strictly speaking, an application of it to the support of the testator's widow and children in the meaning of the will, is not so material after all. We are convinced that the restriction that the division should not take place during the widowhood of the testator's wife was intended for her protection and to secure to her absolute control of the property, as well as the right to decide for herself whether it was to her best interest to do away with the restriction. If it was for her protection alone, and she waived the restriction and had the right to do so, others cannot complain of the act, and she would be estopped to do so. It is insisted, however, for appellant, that the grandchildren of the testator have an interest as contingent remaindermen in the real estate devised by the will, clause 7 of which provides: "In the division of my estate all my children shall receive an

equal share, and if any one of them should die before said division takes place and leaves children, said children should be entitled to the share of their parent.'' If, as we have indicated, it was the intention of the testator in imposing the restriction upon the division of the realty to better protect the widow in the absolute control thereof, and yet permit her to make such disposition of it as she might deem necessary for the support of herself and children, including the right to partition it, and her decision that such partition was necessary when made is conclusive as to the other devisees, it follows that none of the testator's grandchildren can complain of the division; for their parents, the testator's children, were all living when the real estate was partitioned. Therefore the grandchildren can take nothing under the will.

The judgment of the circuit court, being in accord with the conclusion we have expressed, is hereby af-firmed.